UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| GREGORY DAVIS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 09-01-JBC |
| ) | |
| vs. ) | |
| ) | |
| UNKNOWN TRANSFER AGENT, ) | |
| SUN LIFE FINANCIAL, and ) | **MEMORANDUM OPINION** |
| DEPOSITORY TRUST COMPANY AND ) | **AND ORDER** |
| CLEARING CORPORATION, ) | |
| ) | |
| Defendants. ) | |

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Plaintiff Gregory Davis ("Davis"), an inmate incarcerated at the Federal Correctional Institution - Gilmer in Glenville, West Virginia ("FCI-Gilmer"), filed a *pro se* Complaint under the Miller Act, 40 U.S.C. § 3131 *et seq*. [R. 2]  In his Complaint, Davis alleged either that his person or his financial obligations under his Judgment and Commitment Order constituted an "account" under the Miller Act which was deposited in federal prison in 2006. Davis contended that his subsequent labor in prison satisfied all of his obligations under this "account," and that he was therefore entitled to several million dollars in compensation under a performance bond.  [R. 2]

On January 8, 2009, the Court entered an Order concluding that Davis's allegations failed to state a claim under the Miller Act because, at a minimum, the labor Davis performed in prison was not done under a contract "for the construction, alteration, or repair of any public building or public work of the Federal Government."  However, in light of the latitude given to *pro se* litigants, *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003),

the Court afforded Davis 30 days to file an amended complaint.   [R. 5]

On February 3, 2009, Davis filed an amended complaint. [R. 8] While the amended complaint is lengthier, it reiterates the same factual and legal contentions.  Davis again contends that his financial obligations under the criminal judgment entered against him in *United States v. Davis*, 02-MC-03-KSF, Eastern District of Kentucky, constitute an "account" under the Miller Act, and were satisfied by his subsequent labor in prison.  Davis alleges that the United States gave him a "payment bond" for his labor, but that even after he satisfied his obligations under the account, the United States failed to pay him.  Davis seeks recovery of $2.5 million in damages for "unpaid labor" and $850,000 in "unpaid interest" pursuant to 40 U.S.C. § 3133(b)(1).

As the Court noted in its prior Order, the Miller Act expressly permits a person who provided labor or materials to a project covered by a payment bond required by Section 3131 to sue for payment directly against the payment bond if she remains unpaid 90 days after the work is completed.  40 U.S.C. § 3133(b)(1).  However, Section 3131 requires a payment bond only  for projects exceeding $100,000.00 "for the construction, alteration, or repair of any public building or public work of the Federal Government."  40 U.S.C. § 3131(b).  The Judgment and Commitment Order which sent Davis back to prison is not a contract "for the construction, alteration, or repair of any public building or public work of the Federal Government," it is a document which memorializes the criminal sanction imposed for Davis's violation of the terms of his parole.  Because Davis's Complaint fails to state a claim under the Miller Act, it will be dismissed with prejudice.

Accordingly, **IT IS ORDERED** that Davis's Complaint is **DISMISSED WITH PREJUDICE**.

Signed on  March 22, 2009

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY